By the Court.—Sedgwick, Ch. J.
—If the rule, stated in Stackus n. New York C. & H. R. Co. (76 N. Y. 464), be applied in this case, still the action of the court- below, in nonsuiting the plaintiff, should be sustained. That rule was that to justify nonsuiting “the negligence must appear so clearly that no construction of the evidence or inference drawn from the facts, would have warranted a contrary conclusion, and that a verdict of ' the jury the other way, would have been set aside as against evidence.” The court further said: “The cases where a nonsuit has been sustained on the ground of contributory negligence are exceptional, and are confined to cases where the undisputed facts show the omission or commission of some act which the law adjudges negligent.
In Barker v. Savage (45 N. Y. 191), the plaintiff was a woman over sixty-four years of age, and lame, walking with a crutch. In crossing a street in the city of New York, she was knocked down and hurtby a cart, that was driving by. The court decided, that it would be negligence to cross a street without looking in both directions along the street to ascertain whether an31 vehicles are approaching, and if-so, their rate of speed, and how far from the crossing. The court is of opinion that/the plaintiff should have been non- *187 suited, because there was | no evidence 'that the plaintiff looked at all in either direction for approaching vehicles, and the evidence tended to show that she entered upon the crossing and walked along upon it, without taking any precaution for this purpose. It appeared that had she looked she could have seen the horse and cart in time to have avoided the danger, and that for some unexplained reason she failed to hear a cry that the driver made to notify her of her danger, although it was heard by persons at a greater distance than she, which would have been heard by her in time to avoid the danger if reasonably attentive to the situation of affairs.
In the present case, the plaintiff was standing on a street corner, about to cross the street. She saw a street railroad car pass. Without looking to see if another car was approaching, she began to cross. The car which knocked her down was in fact then approaching. The street was clear of obstructions to her seeing it. She first saw it, when it was within eight and a half feet of her. She then put up her hand, as if to warn the driver of the car. She testified “I put my hand up and was just crossing the track on which the car ran.” This was given upon cross-examination, and the counsel asked the question, “ When you first discovered the car you were in the middle of the track on which the car was running?” The answer was, “Yes, sir; I can make my solemn declaration that the car ran over me and the horses threw me.” The question was then repeated, “ And when you first discovered the car it was at the distance from you that you have described, and you were in the center of the track on which it was running ? ” The answer was, “I was outside of the track, not immediately standing on the track, a short distance outside, may be half afoot.” She was then in safety, for the car was eight feet distant and she could have moved backward. She however, lifted up her hand and proceeded. Intermixed with the evidence that has been given, she made statements that tended’ to make her testimony inconsistent. If these statements are considered, the result would be that *188 her testimony as a whole was not to be relied on for any purpose. For instance, she said that when she first saw the car, she was outside the track toward Chatham street. If this were the fact, she had only to proceed in the direction she was already pursuing, and she could not have been knocked down. If, indeed, she were in the middle of the track when the car was eight feet away, her testimony in answer to the question, “Did you move or stand still V' is “ I should stand.” I think this meant that it was absurd to suppose that she would stand still and not move and attempt to proceed. The question would still remain whether she was not in that dangerous situation by her previous negligence.
On the whole, it appeared, if her evidence is to be stricken from the case, that an exercise of due and ordinary care on her part would have disclosed that the car was approaching and that it" was dangerous for her to cross before it. The presumption is that she did hot intentionally incur the danger, but rather that she did not use the care that by law she was bound to use. If her evidence is to be used, the inference from it is the same as to the want of care, but it further discloses acts of positive rashness on her part. It was argued by the learned counsel for the appellant, who has filed an exhaustive and accurate brief, that on a motion for nonsuit, the most favorable view of the facts possible, should be taken in behalf of the plaintiff. That may be true, after the facts have appeared as such in the testimony. But in ascertaining what the facts are, if a fact is stated in a way most favorable to a plaintiff, by herself on the stand as a witness, and she afterward qualifies or contradicts the former testimony, she neutralizes in whole or in part, that testimony, so it cannot be considered as establishing the fact.
For the reason stated, I am of opinion that the judgment should be affirmed with costs.